Michael Lee (WL 6353)
Lee Law PLLC
579 Fifth Avenue
14th Floor
New York, NY 10017
Telephone: (212) 621-8239
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> v. <br><br> FRANKLIN SHOES INTERNATIONAL INC., FRANKLIN SHOES USA INC, GUANG CHENG ZHANG, "JOHN DOES" 1-10; and UNKNOWN ENTITIES 1-10, <br><br> Defendants. | CASE NO. <br><br><br> **COMPLAINT** |

Plaintiff Levi Strauss & Co. ("LS&Co.") through its attorneys complaining of Franklin Shoes International Inc.; Franklin Shoes USA Inc, Guang Cheng Zhang; "John Does" 1-10; and Unknown Entities 1-10 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

### STATEMENT OF THE CASE

1. This is a suit by LS&Co. against Defendants for: (i) counterfeiting and infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) unfair competition, false designation of origin and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unlawful importation of goods bearing infringing trademarks in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

2. This action concerns the illegal importation and distribution of large quantities of merchandise bearing counterfeits and infringements of LS&Co.'s federally registered trademarks in the United States. As described more fully below, Defendants have conspired knowingly and intentionally to import,

distribute, and sell (and/or to aid in the importation, distribution, and sale of) counterfeit merchandise. By doing so, Defendants have willfully infringed LS&Co.'s valuable trademarks, creating a strong likelihood of confusion among consumers who expect that merchandise bearing LS&Co.'s trademarks will be genuine LS&Co. product and causing both monetary and other irreparable injury to LS&Co.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

4. Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District.

5. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff LS&Co. is a corporation duly organized and existing under the laws of the State of Delaware, and having its principal place of business located at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111.

8. Upon information and belief, defendant Franklin Shoes International Inc. ("Franklin Shoes International") is a corporation duly organized and existing under the laws of the State of New York and having its principal place of business located at 4128 Main Street 1A, Flushing, New York 11355.

9. Upon information and belief, defendant Franklin Shoes USA Inc ("Franklin Shoes USA") is a corporation duly organized and existing under the laws of the State of New York and having its principal place of business located at 1708 Flushing Ave, Ridgewood, New York, 11385.

10. Upon information and belief, defendant Guang Cheng Zhang ("Zhang") is an individual residing at 15406 64th Ave, Flushing, New York 11367-1225 and is the owner of Franklin Shoes International and Franklin Shoes USA and therefore has the right and ability to control the actions of the corporate

defendant.

11. The identities of "John Does" 1-10 and Unknown Entities 1-10 are not currently known to LS&Co. Upon information and belief, they are associated with Defendants and have contributed to Defendants' unlawful activities. LS&Co. will use its best efforts to identify these "John Does" and Unknown Entities, and upon further knowledge and investigation, LS&Co. will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

### A. LS&Co.'s Famous Products and Trademarks

12. For well over a century, LS&Co. has marked its LEVI'S® brand products with a set of trademarks that have come to symbolize a profound company heritage, which began with the first pair of jeans in 1873 and has since expanded into a robust global marketplace. Throughout its long and unique history, LS&Co. has expended great amounts of time, money, and effort advertising and promoting its trademarks globally, including throughout the United States and in this District. As a result of these investments and its widespread success, LS&Co. has developed considerable goodwill and a reputation for the highest quality products. LS&Co. has continuously used its trademarks to distinguish its products and uphold this reputation.

13. LS&Co. is the owner of various trademarks registered with the United States Patent and Trademark Office ("USPTO") and has filed copies of and recorded the certificates of registration for many of these trademarks with the Secretary of the United States Bureau of Customs and Border Protection ("Customs") in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124. Such trademarks include, but are not limited to the following, among others:

| Trademark | USPTO Registration Number | Registration Date | Goods | Customs Recordation Number (if applicable) |
|---|---|---|---|---|
| | 4,576,208 | 7/29/2014 | IC 025. US 022 039. G & S: Jackets; jeans; pants; t-shirts; vests. | TMK 14-01145 |
| | 1,044,246 | 7/20/1976 | IC 025. US 039. G & S: Shoes. | TMK 10-01187 |
| | 0,523,665 | 4/11/1950 | IC 010 025 026. US 039. G & S: Men's, Women's, Boys', and Girls' Blouses, Overalls, Jumpers, Trousers, Shirts, Coats, Vests, and Workingmen's Aprons. | |
| | 1,140,853 | 10/28/1980 | IC 025. US 039. G & S: Garments-Namely, Pants, Jackets, Overalls and Shoes. | TMK 10-01183 |
| | 1,030,033 | 1/13/1976 | IC 018. US 001 002 003 022 041. G & S: Wallets and Luggage-namely, Tote Bags and Duffle Bags. | TMK 14-00361 |

|  | 1,095,986 | 7/11/1978 | IC 018. US 001 002 003 022 041. G & S: Luggage-namely, Back Packs, Brief Cases, Travel Kits, Shoulder Bags, and Purses.<br><br>IC 025. US 022 039. G & S: Caps and Visors. | TMK 10-01236 |
|---|---|---|---|---|
| LEVI'S | 1,124,018 | 8/14/1979 | IC 018. US 001 002 003 022 041. G & S: purses, denim shopping bags, back packs, duffle bags, briefcase portfolios, key cases and wallets.<br><br>IC 025. US 039. G & S: belts, hats, caps, visors, and shoes. | TMK 10-01176 |
| LEVI'S | 0,250,265 | 12/4/1928 | IC 025. US 039. G & S: Overalls; Jeans. | TMK 14-00340 |
| 501 | 1,552,985 | 8/22/1989 | IC 025. US 022 039. G & S: Jeans. | TMK 14-00407 |
| 505 | 1,313,554 | 1/8/1985 | IC 025. US 039. G & S: Pants. |  |
| 517 | 1,319,462 | 2/12/1985 | IC 025. US 039. G & S: Pants. |  |

| | | | | |
|---|---|---|---|---|
| 550 | 4,053,137 | 11/8/2011 | IC 025. US 022 039. G & S: Jeans; Pants; Shorts. | |
| 569 | 2,503,976 | 11/6/2001 | IC 025. US 022 039. G & S: Jeans and pants. | |
| Levi's (logo) | 0,849,437 | 5/21/1968 | IC 010 025 026. US 039. G & S: Trousers, Jackets, Shorts, Shirts, Skirts, and Vests. | TMK 10-01217 |
| Levi's (logo) | 2,259,153 | 7/6/1999 | IC 035. US 100 101 102. G & S: Retail store services in the field of clothing. | |
| Levi's (logo) | 4,653,689 | 12/9/2014 | IC 041. US 100 101 107. G & S: Providing stadium facilities for sporting and entertainment events; providing information relating to sporting and entertainment events via the internet. | |
| (pocket design) | 1,135,196 | 5/13/1980 | IC 025. US 022 039. G & S: Garments- namely, pants and shoes. | TMK 14-00308 |

| | | | | |
|---|---|---|---|---|
| Levi's logo | 2,620,144 | 9/17/2002 | IC 035. US 100 101 102. G & S: Retail store services in the field of clothing. | |
| Levi's logo | 2,320,789 | 2/22/2000 | IC 025. US 022 039. G & S: Clothing, Namely, Men's, Women's and Children's Pants, Slacks, Trousers, Jeans, Shorts, Overalls, Shirts, T-Shirts, Blouses, Vests, Skirts, Jackets, Coats, Sport Coats, Sweaters, Sweatshirts, Sweatpants, Hats and Shoes. | |
| Levi's logo | 0,516,561 | 10/18/1949 | IC 025. US 039. G & S: Men's, Women's and Children's Jeans and Jackets. | |

(hereinafter collectively referred to as the "LS&Co. Registered Trademarks").

14. The LS&Co. Registered Trademarks are valid, in full force and effect, protectable and exclusively owned by LS&Co. LS&Co. has continuously used the LS&Co. Registered Trademarks during all time periods relevant to LS&Co.'s claims. As a result, the LS&Co. Registered Trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

15. The LS&Co. Registered Trademarks have been used regularly in interstate commerce, including within this District, to identify and distinguish LS&Co.'s high quality merchandise including, but not limited to, jeans, wallets, belts, accessories, and other goods.

16. Due to the overwhelming amount of resources exhausted by LS&Co. in order to create, protect, enforce, and promote the LS&Co. Registered Trademarks, the LS&Co. Registered Trademarks have achieved secondary meaning as identifiers of high quality merchandise including, but not limited to, jeans, wallets, belts, accessories, and other goods.

17. The LS&Co. Registered Trademarks are recognized around the world and throughout the United States by consumers as signifying authentic, high quality LEVI'S® products. As such, the LS&Co. Registered Trademarks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1) and achieved such fame prior to Defendants' conduct that is the subject of this Complaint.

**B. Defendant's Illegal Activities**

18. Upon information and belief, Defendants are importing, distributing, and using in interstate commerce merchandise bearing counterfeits and infringements of the LS&Co. Registered Trademarks.

19. Customs periodically conducts inspections of merchandise imported into the United States. Pursuant to one such inspection, on or about November 29, 2018, Customs provided LS&Co. with a Notice of Seizure of Infringing Merchandise (No. 2018-4601-002205-01) ("Notice of Seizure") identifying Franklin Shoes International Inc., located at 4128 Main St., 1A Flushing, New York 11355, as the importer of record of 1,752 "LEVI STRAUSS JEANS" (hereinafter referred to as the "Counterfeit Merchandise") imported into the Port of Newark, New Jersey on or about September 12, 2018.

20. Upon information and belief, Defendants, specifically under the direction of its owner, Zhang, arranged for and imported the shipment referenced in the Notice of Seizure.

21. Franklin Shoes International Inc. and Franklin Shoes USA Inc share a telephone number, owner, and other connections and are actively working together to commit the illegal conduct concerning the LS&Co. Registered Trademarks

22. LS&Co. subsequently obtained samples of the Counterfeit Merchandise and confirmed that it was not authentic LS&Co. product and did, in fact, bear counterfeits and infringements of the LS&Co. Registered Trademarks. The Counterfeit Merchandise bears several counterfeits and infringements of

the LS&Co. Registered Trademarks.

23. Defendants' importation of the Counterfeit Merchandise into the United States constitutes an illegal use in commerce of the LS&Co. Registered Trademarks in connection with the sale, offering for sale, or distribution of the Counterfeit Merchandise.

24. Upon information and belief, counterfeiters, like Defendants, routinely import counterfeit goods and rarely get caught by Customs. Therefore, the full extent of Defendants' importation, distribution, and other infringement of the LS&Co. Registered Trademarks is not yet known. The one seizure by Customs is just the tip of the iceberg of Defendants' illegal activities.

25. Upon information and belief, Defendants are engaged in and/or have otherwise been involved in facilitating the commercial importation of the Counterfeit Merchandise into the United States and, in doing so, Defendants are intentionally and knowingly using the counterfeit marks in connection with the sale, offering for sale, or distribution of goods.

26. The Counterfeit Merchandise imported into the United States was not manufactured, authorized, or sponsored by LS&Co. Thus, consumers will be confused and disappointed by the differences between the Counterfeit Merchandise imported by Defendants and the genuine LS&Co. merchandise manufactured and sold by LS&Co. or its affiliates.

27. As a result of Defendants' actions, LS&Co. is losing profits from lost sales of genuine product, is suffering a loss of enormous goodwill created in its LS&Co. Registered Trademarks, and will continue to suffer such loss if Defendants are allowed to continue their illegal activity.

28. Upon information and belief, Defendants have knowingly and willfully engaged in their illicit activities in direct violation of LS&Co.'s rights and/or have shown a blatant disregard for the same. For these reasons, this qualifies as an exceptional case under 15 U.S.C. § 1117(a).

29. LS&Co. has suffered irreparable injury as a direct and proximate result of Defendants' wrongful importation and distribution of the Counterfeit Merchandise.

30. LS&Co. has no adequate remedy at law.

31. Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating LS&Co.'s well-established rights in and to the LS&Co. Registered Trademarks.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

32. LS&Co. hereby realleges and incorporates by reference all prior allegations contained in paragraphs 1 through 31 as detailed above.

33. Defendants have knowingly, intentionally, and without the consent of LS&Co. used in commerce reproductions, counterfeits, and/or copies of the LS&Co. Registered Trademarks in connection with the importation, sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the LS&Co. Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' Counterfeit Merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with LS&Co. despite the fact that it is not.

34. Defendants' use of the counterfeit marks was willful and done with the knowledge that the marks are counterfeit, and as such, Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Defendants' acts constitute use in commerce of the LS&Co. Registered Trademarks.

36. For the aforementioned reasons, LS&Co. is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or LS&Co.'s lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

37. LS&Co. has no adequate remedy at law for Defendants' ongoing wrongful conduct. LS&Co. has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

<b><u>SECOND CLAIM FOR RELIEF</u></b><br><b>(Trademark Infringement, 15 U.S.C. §1114)</b>

38. LS&Co. hereby realleges and incorporates by reference all prior allegations contained in paragraphs 1 through 31 as detailed above.

39. Defendants have knowingly, intentionally, and without the consent of LS&Co. used in commerce reproductions, counterfeits, and/or copies of the LS&Co. Registered Trademarks in connection with the importation, sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the LS&Co. Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' Counterfeit Merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with LS&Co. despite the fact that it is not.

40. Defendants' use of the infringing marks was willful and done with the knowledge that the marks are infringing, and as such, Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Defendants' acts constitute use in commerce of the LS&Co. Registered Trademarks.

42. For the aforementioned reasons, LS&Co. is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or LS&Co.'s lost profits from sales of genuine goods due to Defendants' conduct to the full extent provided under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

43. LS&Co. has no adequate remedy at law for Defendants' ongoing wrongful conduct. LS&Co. has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF
**(Unfair Competition, False Designation of Origin & False Description, 15 U.S.C §1125(a))**

44. LS&Co. hereby realleges and incorporates by reference all prior allegations contained in paragraphs 1 through 31 as detailed above.

45. Defendants importation, sale, offering for sale, distribution, or advertising of goods bearing the LS&Co. Registered Trademarks constitutes use in commerce of false designations of origin and false and misleading descriptions and representations that Defendants' Counterfeit Merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with LS&Co. despite the fact that it is not. As a result of Defendants' unauthorized use of the LS&Co. Registered Trademarks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' Counterfeit Merchandise.

46. Defendants' importation, sale, offering for sale, distribution, or advertising of goods bearing the LS&Co. Registered Trademarks constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of LS&Co.

47. Defendants' conduct is willful, intended to reap the benefit of LS&Co.'s established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of LS&Co.

## FOURTH CLAIM FOR RELIEF
**(Unlawful Importation of Goods Bearing Infringing Marks in Violation of Section 42 of the Lanham Act, 15 U.S.C §1124)**

48. LS&Co. hereby realleges and incorporates by reference all prior allegations contained in paragraphs 1 through 31 as detailed above.

49. Defendants' acts alleged herein constitute the importation of merchandise which bears copies or simulations of the federally registered LS&Co. Registered Trademarks in violation of Section 42 of the Lanham Act, 15 U.S.C §1124.

50. Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C §1116(d).

51. Defendants' acts entitle LS&Co. to damages for all of Defendants' profits derived from their past unlawful conduct and/or for all of LS&Co.'s lost profits from lost sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C §1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C §1117(c).

52. LS&Co. has no adequate remedy at law for Defendants' ongoing wrongful conduct. LS&Co. has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

**PRAYER FOR RELIEF**

**WHEREFORE,** LS&Co. respectfully requests that the Court order the following relief:

I.   That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

a)   using any counterfeit or infringement of the LS&Co. Registered Trademarks to identify any goods not authorized by LS&Co.;

b)   counterfeiting or infringing the LS&Co. Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the LS&Co. Registered Trademarks;

c)   using any simulation, reproduction, counterfeit, or copy of the LS&Co. Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to LS&Co., or to any goods sold, manufactured, sponsored or approved by, or connected with LS&Co.;

d)   making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with LS&Co.; and

e)   engaging in any other conduct constituting an infringement of the LS&Co. Registered Trademarks, of LS&Co.'s rights in, or to use or to exploit, said trademark, or constituting any weakening of LS&Co.'s name, reputation and goodwill.

II.     That Defendants be required to deliver to LS&Co. for destruction all unauthorized materials bearing any of the LS&Co. Registered Trademarks in association with unauthorized goods and the means for production of same pursuant to 15 U.S.C. § 1118.

III.    Requiring Defendants to pay to LS&Co. such damages for all of Defendants' profits derived from their unlawful conduct and/or LS&Co.'s lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

IV.     Ordering that Defendants compensate LS&Co. for the costs of this action, reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

V.      Directing that this Court retain jurisdiction of this action for the purpose of enabling LS&Co. to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VI.     Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to LS&Co.

VII.    Awarding to LS&Co. such other and further relief as the Court may deem just and proper, together with the costs and disbursements that LS&Co. has incurred in connection with this action.

**LEE LAW PLLC**

Dated: January 16, 2019

_____
Michael Lee
Lee Law PLLC
579 Fifth Avenue
14th Floor
New York, NY 10017
Telephone: (212) 621-8239
Attorneys for Plaintiff Levi Strauss & Co.